## IN THE COUNTY COURT OF COAHOMA COUNTY, MISSISSIPPI

**ISAIAH STEWART**  **PLAINTIFF**

**VS.**  CAUSE NO. 14C01:23-0030

**CARMAX AUTO SUPERSTORES SERVICES, INC. AND CNA NATIONAL WARRANTY CORPORATION**   USDC No. 4:23cv76-DMB-JMV

**DEFENDANTS**

## COMPLAINT

TRIAL BY JURY DEMANDED.

COMES NOW, the Plaintiff, Isaiah Stewart, by and through his counsel of record and files this his Complaint against the Defendants, CarMax Auto Superstores Services, Inc., and CNA National Warranty Corporation, and in support thereof would respectfully show unto the Court the following facts, to-wit:

### PARTIES

1. Plaintiff, Isaiah Stewart, is an adult resident citizen of Clarksdale, Coahoma County, Mississippi.

2. Defendant, Carmax Auto Superstores Services, Inc, is a foreign corporation and may be served with process of this Court through its registered agent for service of process, Corporation Service Company, 1176 Old Canton Rd, Suite C, Madison, MS 39110.

3. Defendant, CNA National Warranty Corporation, is a foreign corporation doing business within the State of Mississippi and may be served with process of this Court through its registered agent for service of process, C.T. Corporation System, 3899 North Central Avenue, Suite 460, Phoenix, AZ 85012.

4. This Court has jurisdiction of both the subject matter and the parties herein.

## FACTUAL AND LEGAL ALLEGATIONS

4. At all times relevant hereto, CarMax Auto Superstores Services, Inc., (hereinafter "CarMax") sells and repairs motor vehicles; furthermore, CarMax sells warranties and extended warranties on the vehicles it sales.

5. At all times relevant hereto, Defendant, CNA, National Warranty Corporation., (hereinafter "CNA") offered a vehicle repair warranty or service contract.

6. On July 1, 2022, Plaintiff purchased a 2015 Mitsubishi Outlander Sport vehicle identification number 4A4AR4AU9FE017631 at Defendant's business location in Memphis, Tennessee.

7. Plaintiff paid a down payment of one thousand dollars ($1,000.00).

8. Along with the Outlander, he also purchased optional extended warranty or service contract. This warranty or service contract was purchased from Defendant CNA.

9. At the time of purchase the Outlander had 110,114 miles on the odometer.

10. Upon the purchase of the vehicle, Plaintiff noticed that the air conditioner was not operational and a knocking sound was occurring when driving.

11. Plaintiff returned the car to CarMax for repairs and was told that the service department had a three (3) week backlog of work. He was advised to take it to his own mechanic.

12. The mechanic noted several problems with the car. Plaintiff was advised to take the car back to Carmax as the 30 day warranty was still in place.

13. Plaintiff was told by the general manager that he could get a different vehicle while using his original down payment.

14. When Plaintiff arrived at the dealership, that was not the case.

15. Carmax then started the car buying process over, checking his credit, and further lowering his credit score.

16. During this time the plaintiff had made two (2) car notes in the amount of four hundred and sixty one dollars ($461.00) each, he also had paid a shipping fee of two hundred dollars ($200.00).

17. Plaintiff had purchased this vehicle in good faith made on the representations that it would properly operate to provide him adequate transportation.

18. Despite purchasing the warranties from both Defendants, the Defendants, either together or separate, failed to properly repair this vehicle to make the vehicle operational.

## BREACH OF SERVICE CONTRACT

19. In order to prevent repetition, the Plaintiff hereby incorporates reference and re-alleges the information set forth in the forgoing paragraphs.

20. Defendant Carmax had a duty to repair the vehicle in a professional and operational manner, and to correct all known problems.

21. After the said repairs, the Outlander continued to have problems.

22. Due to this negligence, the vehicle cannot be operate correctly.

23. At all times Plaintiff purchased with good faith Defendants' warranty and service contract believing it would repair all problems as specifically stated in its contract.

24. Defendants failed to pay for the repairs of Plaintiff's vehicle.

## TORTIOUS BREACH OF SERVICE CONTRACT

25. In order to prevent repetition, the Plaintiff hereby incorporates reference and re-alleges the information set forth in the forgoing paragraphs.

26. Also as a result of Defendants' actions or the omission of their actions, Plaintiff suffered mental anguish, intentional and/or negligence infliction of emotional distress and financial loss.

27. Plaintiff had an expectation after purchasing a service contract that Defendants would pay for the needed services.

28. Notwithstanding its obligation to do so and with full and complete knowledge of the facts herein stated, the Defendants failed and in bad faith to provide services that were within the contract sold unto the Plaintiff. By failing to provide these services, Defendants tortuously breached its contract with the Plaintiff.

29. That Plaintiff believes the Defendants acted with intentional willful and reckless disregard for his rights under the said contract, that such actions on the part of the Defendants were made in its routine pattern of practice of adjusting claims on this specific contract sold to consumers, especially the Plaintiff.

30. By Defendants' actions and/or omission of not covering the repairs by it representations to cover damages to the vehicle the engine, it tortuously breached its contract with the Plaintiff.

## BREACH OF MAGNUSON-MOSS WARRANTY ACT

31. In order to prevent repetition, the Plaintiff hereby incorporates reference and re-alleges the information set forth in the forgoing paragraphs.

32. This Court has jurisdiction to decide claims brought under 15 USC § 2301 et seq., by virtue of 15 USC § 2310(d)(1)(A).

33. Plaintiff is a "consumer" as defined by 15 USC § 2301(3).

34. The Defendant is a "supplier" and "warrantor" as defined by 15 USC § 2301(4)(5).

35. The Subject service contract is a "consumer product" as defined by 15 USC § 232301(6).

36. The actions of Defendant as hereinabove described, in failing to tender the subject repair to Plaintiff, constitute a breach of the written warranties covering his vehicle; and thus, constitute a violation of the Magnuson-Moss Warranty Act.

37. Despite repeated demands and despite the fact that the Plaintiff has complied with all reasonable terms and conditions imposed upon his by Defendants, Defendants have failed and refused to cure any defects and non-conformity with the subject warranty and/or service contract for Plaintiff's vehicle.

38. Pursuant to the Magnuson-Moss Warranty Act, 15 U.S.C. § 2310(d)(2), Plaintiff is entitled to recover as part of the judgment, costs and expenses of the suit including attorney's fees based on actual time expended.

## BREACH OF IMPLIED WARRANTIES OF MERCHANTABILITY AND FITNESS FOR A PARTICULAR PURPOSE

39. In order to prevent repetition, the Plaintiff hereby incorporates reference and re-alleges the information set forth in the forgoing paragraphs.

40. That the Defendants expressly and impliedly warranted the product involved herein, to be fit for the purpose for which it was intended, and that said product, was not, in fact, fit and suitable for its intended purpose.

41. That the Defendants, and each of them, breached their expressed warranties, both oral and written, and the implied warranties for fitness for a particular use and merchantability under the Mississippi Uniform Commercial Code.

## NEGLIGENT MISREPRESENTATIONS

42. In order to prevent repetition, the Plaintiff hereby incorporates reference and re-alleges the information set forth in the forgoing paragraphs.

43. Plaintiff reasonably relied on the misrepresentations and/or omissions of the Defendants in the purchasing of the vehicle and its warranty from CarMax and the extended warranty and/or service contract from CNA.

44. Defendants promised the Plaintiff it would pay for proper repairs to his vehicle.

45. As a direct and proximate result of the Defendants' failure to properly repair, Plaintiff suffered damages.

46. Plaintiff has been without this vehicle for months due to the failure of the Defendants to honor its contract and/or warranty.

47. Plaintiff would not have purchased this vehicle and/or the service contract if he would have known that Defendants would not have fulfilled its obligations under the contract.

48. The Defendants' statements constitute negligent misrepresentations and the Plaintiff suffered damages as a result.

49. Plaintiff further alleges upon information and belief that the aforesaid actions and/or omissions of Defendant were prompted by willful and conscious wrong or by actual malice and fraud or by conduct so grossly negligent and inexcusable as to amount to a complete disregard for the rights of the Plaintiff and was attended by intentional wrong, insult, and abuse entitling the Plaintiff to an award of actual, compensatory and punitive damages of and from Defendants.

**COMMON LAW FRAUD AND/OR FRAUDULENT AND/OR NEGLIGENT AND/OR GROSSLY NEGLIGENT MISREPRESENTATION**

50. In order to prevent repetition, the Plaintiff hereby incorporates reference and re-alleges the information set forth in the forgoing paragraphs.

51. Defendants Carmax controlled the relationship between the Plaintiff and itself, in that the Defendants had a much greater bargaining power over Plaintiff.

52. This Defendant known or should have known, that the Plaintiff relied upon all the representations and/or misrepresentations and such reliance was justified and, as a result of said reliance, Plaintiff, to his detriment, sustained damages and injuries, as mentioned hereinabove.

53. Had not those representations and/or misrepresentations been made in such a fraudulent manner, Plaintiff would not have enter into and purchase the vehicle and service contract with Defendants.

## NEGLIGENCE AND/OR GROSS NEGLIGENCE

54. In order to prevent repetition, the Plaintiff hereby incorporates reference and re-alleges the information set forth in the forgoing paragraphs.

55. Defendant Carmax had a duty to repair the vehicle in a professional and operational manner, and to correct all known problems.

56. After the said repairs, the Outlander continued to have problems.

57. Defendant failed to properly repair the vehicle. Due to this negligence, the vehicle cannot be operate correctly.

## ECONOMIC DURESS

58. In order to prevent repetition, the Plaintiff hereby incorporates reference and re-alleges the information set forth in the forgoing paragraphs.

59. Plaintiff placed his trust in the integrity, skill, experience, expertise, advice, service, knowledge, competency and judgment of Defendants.

60. The Defendants had superior knowledge, resources, information, and experience to that of the Plaintiff.

61. The Defendants had a duty to act in good faith and to deal fairly with the Plaintiff.

62. The Defendants were able to and continue to wrongfully profit, to Plaintiff's detriment, through the imposition of economic duress which overcame Plaintiff's free agency.

63. Plaintiff has been proximately damaged by Defendants' imposition of economic duress for which Plaintiff is entitled to recover as set forth hereinabove.

WHEREFORE PREMISES CONSIDERED, the Plaintiff prays for judgment of and from the Defendants in an amount to be determined by the jury not to exceed $60,000, to include, the following:

1. To properly compensate the Plaintiff for his loss;

2. To properly compensate the Plaintiff for the unnecessary pain and suffering, anxiety and emotional distress he has suffered;

3. To properly compensate the Plaintiff for economical duress;

4. Plus punitive damages in an amount sufficient to punish the Defendant herein for its past conduct and to deter similar future gross, willful and intentional conduct;

5. Attorney's fees, together with cost;

6. Prejudgment and post judgment interest; and

7. Such other relief as the Plaintiff may be entitled to.

Respectfully submitted,

Isaiah Stewart

By: _____
DANIEL D. WARE, his Attorney

Daniel D. Ware, MSB #: 10,847
Ware Law Firm, PLLC
103 3rd Street NW
Magee, Mississippi 39111
(601) 439-7079
dware@warelawfirm.com

FILED
2023 MAR 20 PM 4:46
CIRCUIT CLERK
COAHOMA COUNTY MS